

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1499

HAI LING WU,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                    Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-332-090
(U.S. Immigration Judge: Honorable Robert P. Owens)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2009
Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed:  February 23, 2009)

OPINION OF THE COURT

PER CURIAM.

       Hai Ling Wu seeks review of an order of the Board of Immigration Appeals

("BIA") dismissing her appeal from the Immigration Judge's ("IJ") order of removal. For the following reasons, we will deny the petition for review.

I.

In February 2005, Wu, a native and citizen of China, attempted to enter the United States at the O'Hare International Airport in Chicago. Upon her arrival, INS interviewed her to determine whether she was admissible. Wu stated that she had come to the United States because she feared for her safety in China due to her participation in the Falun Gong movement. (AR 000173.) Wu explained that she had been practicing Falun Gong in China for three years, and that her parents were organizers for the movement. (Id.) Wu stated that her parents had produced videos about Falun Gong, and had also sold books about it. (Id.) Wu alleged that Chinese officials had attempted to arrest her parents for their activities in support of Falun Gong. (Id.) INS determined that she was inadmissible and subsequently served her with a Notice to Appear.

In December 2005, Wu applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). On May 8, 2006, Wu appeared for a removal hearing before IJ Robert P. Owens. At the hearing, Wu testified—contrary to her statement at the airport—that neither she nor her parents practiced Falun Gong while they lived together in China. (Id. at 000087, 000114.) According to Wu, however, she had been persecuted for supporting the movement in other ways. For instance, she had been expelled from high school in 1998 for associating with a classmate who was arrested for

2

practicing Falun Gong. (Id. at 000082-83.) In addition, in 2003, her brother was arrested for storing a friend's Falun Gong materials at her family's bookstore. (Id. at 000084.) Wu explained that, after her brother's arrest, she feared that she would be arrested as well, so she went into hiding until 2005, when she left for the United States. (Id. at 000086-87.) Wu testified that after her arrival in this country, she began practicing Falun Gong approximately twice a week. (Id. at 000087.) Wu told the court that she feared that she, like her brother, would be arrested if forced to return to her native country because the Chinese government is "crack[ing] down hard" on Falun Gong. (Id. at 000090.)

On cross-examination, the government questioned Wu about the inconsistencies between her airport statement and her testimony at the hearing. (Id. at 000114-18.) In response, Wu stated that she could not understand all of the questions she was asked during her airport interview, and that if she did not understand a particular question, she just "guessed" at the answer. (Id. at 000116.) When the government asked Wu specifically about her statement at the airport that she was a Falun Gong member, Wu denied making such a statement, and claimed that, to the contrary, she told the INS interviewer that she does not practice Falun Gong, but "just know[s] some things about" it. (Id.)

Following the hearing, the IJ found that Wu's credibility was not "up to the level required to sustain her burden." (Id. at 00043.) Specifically, the IJ found that there were several inconsistencies between her airport credible fear interview and her testimony

3

before the IJ. The IJ also faulted Wu for not providing documentary evidence corroborating her testimony. (Id. at 00040.) Therefore, the IJ denied Wu's applications for relief.

Upon review, the BIA affirmed the IJ's decision, concluding that the IJ's adverse credibility finding was sufficiently supported by the record and not clearly erroneous. The BIA further concluded that it was reasonable for the IJ to expect corroboration in view of the inconsistencies in Wu's testimony. Wu now seeks review of the BIA's decision.

II.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA substantially relies on the findings of the IJ, we review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review these findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). An adverse credibility finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Berishaj v. Ashcroft, 378 F.3d 314, 322 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because Wu filed her application for relief after the enactment of the REAL ID Act of 2005, the BIA's credibility determinations are governed by the Act. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, an IJ may base her credibility determination on

4

observations of the applicant's demeanor, the plausibility of the applicant's story, and on the consistency of the applicant's statements. See INA 208(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

Upon review, we are satisfied that substantial evidence supports the BIA's decision affirming the IJ's adverse credibility determination. A review of the record reveals significant inconsistencies between Wu's airport interview and her testimony before the IJ. As the BIA and IJ explained, Wu stated at her airport interview that she had been a Falun Gong member for three years, and that her parents were organizers of Falun Gong. At the hearing, however, Wu testified that her parents were not involved in the Falun Gong movement and that she herself did not practice Falun Gong until she came to the United States. When Wu was given an opportunity to explain why her statements at the airport were inconsistent with her testimony, she simply denied ever making the prior inconsistent statements, and claimed that she did not understand all of the questions being asked.

We, like the BIA and IJ, are not convinced by this explanation. Although this Court has cautioned that airport interviews may not be reliable because of the conditions under which they are conducted, see, e.g., Balasubramanrim v. INS, 143 F.3d 157, 164 (3d Cir. 1998), nothing in the record suggests that the airport interview in this case was unreliable. According to Wu's own testimony, she understood the Mandarin language in which the interview was conducted. In addition, Wu did not indicate during the interview

5

that she was having any trouble understanding the questions, nor did she object to signing all five pages of her statement. Under these circumstances, we cannot conclude that "any reasonable adjudicator" would have been convinced by Wu's attempt to reconcile her inconsistent statements. See 8 U.S.C. § 1252(b)(4)(B).

We therefore agree that Wu failed to establish eligibility for asylum on the basis of past persecution.[1] See 8 U.S.C. § 1101(a)(42)(A). We further find that nothing in the record demonstrates that she has a well-founded fear of future persecution. See id. Finally, because Wu's claims for withholding of removal and relief under the CAT are based on the same evidence as her asylum claim, we conclude that substantial evidence supports the denial of these claims as well.

III.

For the foregoing reasons, we will deny the petition for review.

---

[1]The BIA and IJ also based their credibility findings on Wu's failure to corroborate her story. Wu does not challenge the corroboration finding on appeal.